**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RENEE FORD** | : |
| **435 Hicks Farm Road** | |
| **Acworth, GA 30102** | : |
| | |
|   **and** | : |
| | |
| **KENNETH MURPHY** | : |
| **435 Hicks Farm Road** | |
| **Acworth, GA 30102** | : |
| | |
|      **Plaintiffs,** | : |
| | |
|   v. | : |
| | |
| **UNITED STATES OF AMERICA,** | : |
| | |
| Serve:  **Pamela Bondi** | : |
|       **Attorney General of the United States** | |
|       **Department of Justice, Room 4400** | :    **Case No.** |
|       **950 Pennsylvania Avenue, NW** | |
|       **Washington, DC 20530** | : |
| | |
|   **and** | : |
| | |
|       **Jeanine Ferris Pirro** | : |
|       **United States Attorney** | |
|       **555 4th Street, NW** | : |
|       **Washington, DC 20530** | |
| | : |
|   **and** | |
| | : |
|       **Kimberly I. Thayer** | |
|       **General Services Administration** | : |
|       **Office of the General Counsel** | |
|       **National Tort Claims Center** | : |
|       **2300 Main, Room 4NW419** | |
|       **Kansas City, MO 64108** | : |

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

| | |
|---|---|
| And | : |
| **DISTRICT OF COLUMBIA** | : |
| **Serve: Mayor Muriel Bowser** | : |
|      **c/o Office of the Attorney General** | |
|      **Brian Schwalb, Esq.** | : |
|      **441 4ᵗʰ Street, NW, Room 600S** | |
|      **Washington, DC 20001** | : |
|           **Defendants.** | : |

## COMPLAINT FOR NEGLIGENCE
**(Premises Liability – Federal Tort Claims Act; Negligence; Loss of Consortium)**

Plaintiffs, Renee Ford and Kenneth Murphy, respectfully move for judgment against Defendants United States of America and District of Columbia, on the grounds and in the amount set forth below.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1346(b), as the claims are brought against the United States for money damages, and 28 U.S.C. § 1391, as the cause of action arose in the District of Columbia.

3. On April 1, 2025, pursuant to the FTCA, Plaintiffs filed administrative tort claims for personal injuries with the Internal Revenue Service, U.S. Department of the

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

Treasury, General Services Administration, and United States Department of the Interior, stemming from an incident that occurred in the District of Columbia on June 6, 2024.

4. On June 13, 2025, the General Services Administration acknowledged receipt of Plaintiffs' Standard Form 95s and denied the claims, alleging that the location of Plaintiff Renee Ford's injuries was owned and maintained by the District of Columbia. (**Exhibit 1** (Renee Ford Denial Letter); **Exhibit 2** (Kenneth Murphy Denial Letter)).

5. Pursuant to 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.2, Plaintiffs have elected to commence an action in this Court.

6. On September 4, 2024, Defendant District of Columbia was given notice of Plaintiff Renee Ford's claims pursuant to D.C. Code § 12-309. A copy of Plaintiff Renee Ford's notice letter is attached as **Exhibit 3**. Defendant District of Columbia acknowledged receipt of the notice letter that same day.

7. On September 12, 2024, Defendant District of Columbia denied Plaintiff Renee Ford's claims, alleging that the location of her injuries was under the jurisdiction of the United States and the Federal Government. (**Exhibit 4**).

8. On October 22, 2024, Defendant District of Columbia was given notice of Plaintiff Kenneth Murphy's claims pursuant to D.C. Code § 12-309. A copy of Plaintiff Renee Ford's notice letter is attached as **Exhibit 5**.

9. On October 22, 2024 (the same day the 12-309 notice letter was sent to the District of Columbia), Defendant District of Columbia acknowledged receipt of the notice

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 3 -

letter and denied the claims, alleging that the location of Plaintiff Renee Ford's injuries was under the jurisdiction of the United States and the Federal Government. (**Exhibit 6**).

## PARTIES

10. Plaintiff Renee Ford is an adult citizen of the State of Georgia.

11. Plaintiff Kenneth Murphy is the husband of Renee Ford and is an adult citizen of the State of Georgia.

12. Defendant United States of America ("Defendant U.S.") is subject to suit under the FTCA for the negligent or wrongful acts and/or omissions of its agents, servants, and/or employees.

13. Defendant District of Columbia ("Defendant D.C.") is a municipal corporation authorized to sue and be sued.

14. The sidewalk in front of the Internal Revenue Service building (located at 1111 Constitution Avenue, NW, Washington, D.C.) (the "IRS Building) is owned, managed, maintained, occupied, and/or possessed by Defendant U.S. and/or Defendant D.C.

## FACTS

### The Longstanding Hole in the Sidewalk in front of the IRS Building

15. The IRS Building is located at 1111 Constitution Avenue, NW, in Washington, D.C.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

16. As of at least September 2011, there was a round hole in the sidewalk in front of the IRS Building that had been filled with cement and made level with the sidewalk.

17. Since at least July 2015, the cement has been removed from the hole, leaving it open, unfilled, and unlevel with the sidewalk, placing pedestrians at risk of stepping into it. At various points in time between July 2015 and October 2017, orange cones were placed over the hole to alert pedestrians to the presence of the hole and prevent them from stepping into it.

18. In November 2015, the District of Columbia Department of Transportation ("DDOT") conducted an inspection of the sidewalk in front of the IRS Building and documented the presence of an 8" radius hole in the sidewalk. DDOT observed and photographed the presence of a safety cone covering the hole, stated the hole was a "hazard to pedestrians," and that the hole needed "to be covered or filled." Scheduling of the work was "contingent upon funding and weather."

19. Additional inspections of the sidewalk and hole were conducted in December 2015. At the December 22, 2015, inspection, a DDOT inspector determined the repair should be referred to the National Park Service ("NPS"), an agency of Defendant U.S.

20. There is no indication that the hole was ever covered or filled by either Defendant U.S. or Defendant D.C.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

21. Since at least September 2021, the hole has been open (i.e. unfilled with cement) and left uncovered by cones or any other barriers or covering to prevent pedestrians from stepping into it.

### Plaintiff Renee Ford's Fall

22. On June 6, 2024, Ms. Ford and her family, including her husband, Plaintiff Kenneth Murphy, were visiting Washington, D.C. from their home state of Georgia.

23. At approximately 2:30 p.m., Ms. Ford was walking along the sidewalk in front of the IRS Building.

24. Unbeknownst to her, the hole was present in the sidewalk and was unfilled and uncovered.

25. Ms. Ford stepped into the hole and fell to the ground, forcibly striking her head and the front of her body on the concrete sidewalk.

26. Ms. Ford was transported by ambulance to Howard University Hospital, where she was treated for her injuries.

27. No signs were present to advise pedestrians that there was a hole in the sidewalk.

28. As a direct result of the fall, Plaintiff Renee Ford suffered a traumatic brain injury and its sequelae (including without limitation severe headaches, vision difficulties, dizziness, balance issues, nausea, speech difficulties, difficulty concentrating, disrupted sleep, and personality changes); neck and shoulder pain; numbness, weakness, and

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

tingling in her right arm and hand; pain in her left knee; injuries to her right foot; and numerous cuts, scrapes, and lacerations throughout her body.

29. Ms. Ford has been under the continuous care of numerous specialists, including a neurologist, neuropsychologist, neuro-ophthalmologist, speech therapist, occupational therapist, orthopedist, and cognitive behavioral therapist. Her sleep has been completely disrupted, she has difficulty speaking and forming sentences, and she suffers from severe and daily visual disturbances and headaches. Her injuries have taken a pronounced emotional toll, leading her to seek counseling. Because of her injuries and debilitating symptoms, she has been forbidden by her doctors to drive and has had extreme difficulty caring for her adopted sons, who have special behavioral needs.

30. As a further direct result of the fall, Plaintiff Renee Ford has incurred and will continue to incur substantial medical expenses, has suffered and will continue to suffer a loss of wages and/or loss of wage-earning capacity, and has suffered and will continue to suffer significant pain, emotional distress, and mental anguish, including depression and anxiety.

## COUNT I
**(Federal Tort Claims Act: Premises Liability, Negligence: Defendant U.S.)**

31. Plaintiffs incorporate the foregoing paragraphs by reference, and allege as the owner, manager, occupier, possessor, and/or entity charged with maintaining the sidewalk in front of the IRS Building, Defendant U.S. had a duty to maintain the sidewalk in a reasonably safe condition for pedestrians (including specifically Ms. Ford).

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

32. Defendant U.S. further had a duty to warn pedestrians using the sidewalk in front of the IRS Building of the dangerous condition of the unfilled, uncovered hole in the sidewalk, which was known or reasonably knowable by Defendant U.S.

33. Defendant U.S. knew, or in the exercise of reasonable care, should have known, that by failing to place warnings on the sidewalk or to safely fill the open hole, members of the public traversing the sidewalk could have and may walk into the hole and be at risk of tripping, falling, and injuring themselves.

34. Defendant U.S breached the duties owed to the public (including specifically Ms. Ford) in the following ways:

   a. failing to fill the hole with cement to ensure it remained in a safe condition and did not pose a danger to pedestrians;

   b. failing to cover the hole to ensure the sidewalk remained in a safe condition and did not pose a danger to pedestrians;

   c. failing to warn pedestrians of the dangerous condition of the hole and sidewalk; and

   d. failing to otherwise take appropriate steps to ensure that the hole and sidewalk remained in a safe, secure, and non-dangerous condition at all times.

35. As a direct result of the negligence of Defendant U.S., as of June 6, 2024, the hole and sidewalk in front of the IRS Building existed in a hazardously precarious state, such that anyone walking along the sidewalk could fall into the hole and be injured.

36. As a direct result of the negligence of Defendant U.S., Plaintiff Renee Ford suffered the injuries and damages set forth above.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

## COUNT I
### (Premises Liability, Negligence: Defendant D.C.)

37. Plaintiffs incorporate the foregoing paragraphs by reference, and allege as the owner, manager, occupier, possessor, and/or entity charged with maintaining the sidewalk in front of the IRS Building, Defendant D.C. had a duty to maintain the sidewalk in a reasonably safe condition for pedestrians (including specifically Ms. Ford).

38. Defendant D.C. further had a duty to warn pedestrians using the sidewalk in front of the IRS Building of the dangerous condition of the unfilled, uncovered hole in the sidewalk, which was known or reasonably knowable by Defendant D.C.

39. Defendant D.C. knew, or in the exercise of reasonable care, should have known, that by failing to place warnings on the sidewalk or to safely fill the open hole, members of the public traversing the sidewalk could have and may walk into the hole and be at risk of tripping, falling, and injuring themselves.

40. Defendant D.C. breached the duties owed to the public (including specifically Ms. Ford) in the following ways:

   a. failing to fill the hole with cement to ensure it remained in a safe condition and did not pose a danger to pedestrians;

   b. failing to cover the hole to ensure the sidewalk remained in a safe condition and did not pose a danger to pedestrians;

   c. failing to warn pedestrians of the dangerous condition of the hole and sidewalk; and

   d. failing to otherwise take appropriate steps to ensure that the hole and sidewalk remained in a safe, secure, and non-dangerous condition at all times.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

41. As a direct result of the negligence of Defendant D.C., as of June 6, 2024, the hole and sidewalk in front of the IRS Building existed in a hazardously precarious state, such that anyone walking along the sidewalk could fall into the hole and be injured.

42. As a direct result of the negligence of Defendant D.C., Plaintiff Renee Ford suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff, Renee Ford, demands judgment against Defendants, United States of America and District of Columbia, jointly and severally, in the full and just amount of Seven Million Dollars ($7,000,000), plus interest and costs.

## COUNT III
**(Loss of Consortium)**

43. Plaintiffs incorporate the foregoing paragraphs by reference, and allege that Plaintiff Kenneth Murphy is the husband of Plaintiff Renee Ford.

44. As a direct result of the negligence of Defendant U.S. and Defendant D.C., Plaintiff Kenneth Murphy has spent considerable time caring for and assisting his wife from the time of the incident to the present.

45. As a direct result of the negligence of Defendant U.S. and Defendant D.C., Plaintiff Kenneth Murphy has sustained losses of society, companionship, and consortium.

WHEREFORE, Plaintiff, Kenneth Murphy, demands judgment against Defendants, United States of America and District of Columbia, jointly and severally, in the full and just amount of Three Million Dollars ($3,000,000) plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

<div style="margin-left:50%">

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: <u>/s/ *Emily C. Lagan*</u>
    Paul Cornoni     #489398
    pcornoni@reganfirm.com
    Emily C. Lagan     #1645159
    elagan@reganfirm.com
    1919 M Street, N.W., Suite 600
    Washington, D.C. 20036
    PH:  (202) 463-3030
    Fx:  (202) 463-0667
    *Counsel for Plaintiffs*

</div>